23-5056. Good morning, your honors. I'm Neal Van Dalsum, here to represent the appellant Jason Hopson. I want to focus my presentation this morning on the jurisdictional question that is why doesn't the Keeble case resolve this appeal? I would ask you to hear me for just a second because I would suggest there's a better question and the better question is why doesn't McGirt v. Oklahoma resolve this appeal? In McGirt v. Oklahoma, the court reiterated that there has to be a clear expression of congressional intent, congressional intent for there to be federal jurisdiction to prosecute an Indian person for a crime committed on Indian land. When we get to Keeble and when we get to the cases that cite Keeble, all that we are doing is mental gymnastics to try to avoid the underlying problem that there is nothing in the Major Crimes Act, nor in Section 3242, that indicate a clear expression of congressional intent to be able to prosecute an Indian under the Major Crimes Act for simple assault. What is the, what statute provides subject matter jurisdiction in this case? Subject matter jurisdiction in this case arises from the general statute for criminal case subject matter jurisdiction, but... 3231, correct? Correct. Okay. And that's a clear statement of jurisdiction, subject matter jurisdiction. Correct. Although... So those other statutes that you're talking about are not subject matter jurisdiction statutes, correct? I, in this particular instance, I don't know that I would go that far. And the reason is, this statute is a division of power between the United States and tribal governments. And in that sense, I think we really are dealing here with a capital J type jurisdictional question. But counsel, what is the, I'm having trouble understanding the practical consequence of your argument. So if, you know, Keeble says what it says, whether it, there's tension there, is not for us to decide. So if Keeble, we've, we held in Joe, for example, that Keeble provides federal district court with jurisdiction to instruct on a non-enumerated offense, right? So there's, there's the power to, you don't even challenge that in this case. Correct. But then what is the consequence of that? It seems like it would be an empty promise to the jury if they are told that they can convict on a lesser, but in fact they can't. Keeble creates a procedural device to accomplish the goal of giving an Indian defendant the same trial as a non-Indian defendant. And if you read Keeble, it's clear that that's what they are intending. Keeble says, we reached this ruling because we don't think that Congress intended it to be easier to convict an Indian than a non-Indian on the same facts. There are benefits to a defendant that are procedural in nature too, from, from getting a lesser included instruction. So then as a practical matter, when the procedural right is protected by giving the instruction and the jury as here convicts, what you're saying at that point, what should the judge have done? Entered a judgment of acquittal. Well, how do you reconcile that with concerns expressed by the Supreme Court and Spaziano and Beck about tricking the jury? I think that's the expression that was used. That is why, why tell the jury that they have the option when they, it really isn't an option. Spazio, Spaziano and Beck are dealing with a completely different context. Those are capital cases, aren't they? Those are capital cases from state courts. And the issue is what does the 14th amendment require a state to do? And all those cases are saying is the 14th amendment does not require a state to give a lesser included instruction on, on an offense where no actual conviction is going to happen. By contrast here, Keeble is not based on due process at all. It's based upon 3242. Is that a jurisdictional statute? 3242 is not a jurisdictional statute. It is a procedural statute. It's designated as such in the And so if you go to the statutes, there is no grant of authority for a court to impose a conviction against a defendant under the Major Crimes Act for misdemeanor assault. Well, there actually may be an exception because they, they do allow generally an assault on a person under age 16 is included. If that were a misdemeanor assault, then it would be covered. But regular assault, like we have in this case, Congress's intent was for felony assault to be included. Well, why doesn't a charge like assault resulting in serious bodily injury necessarily encompass simple assault? Because the, because Congress said felony assault. Well, I know that's what's in the statute, but, but doesn't it encompass simple assault because simple assault requires proof of the same elements except for the serious bodily injury. In other words, it's part of the same offense. Why, why can't it be looked at that way? Because you have to look at the function of the Major Crimes Act. And it is, there are cases that, that are Indian, against Indian cases, but the crime is serious enough that we think it's better handled by the federal court system. And therefore, it's appropriate to invade the sovereignty of a tribe and bring that into federal court. Didn't, didn't the Keeble court say that that wasn't, that that wasn't a good argument? In other words, in fact, in fact, the court said under the government, they're taking the position that the instructions should be given. And, and, and they said that, that the argument against was that that should fall before the congressionally sanctioned interest of the tribe in preserving its inherent jurisdiction, which I think is your argument. And then the court says, since that In other words, Keeble, I think, disagrees with that argument in terms of, in terms of at least giving the instruction. For giving an instruction. Right. Keeble goes on to say, we want to stress here, we're not infringing on the sovereignty of a tribe. So I'm still stuck on this practical, the practical implications of this and to Judge Mathison's point about Spaziano and those cases that, that speak to that, what is the, the practical import of the procedural right if at the end of the day, it's, it's purely token? It is to assure that the government has proven a federal crime occurred. And to give a defendant the same protections that any defendant who's not an Indian would have. So does it matter at all? Or maybe how should we be thinking about the fact that in this case, your client did not request the instruction? That is, that is another issue. And if Keeble creates a procedural right in the defendant, and that results in some expansion of jurisdiction, if that is the reading of Keeble, in this case, the defendant did not request that instruction. Didn't object to it either. Correct. Did not object to it, but didn't request it either. But if he didn't ask for it, he didn't buy into the suspension of jurisdiction. How do we know, how do we know that? I mean, it was requested. If he didn't want the instruction given, he should have said something, shouldn't he? Or counsel should have said something. He didn't object to the instruction. That's what I'm saying. And that is, in fact, what the record shows. I'm not suggesting otherwise. But he didn't invoke it. But he didn't want the instruction. I mean, he didn't object, right? Because he would want it, wouldn't he? That's why the co-defendant asked for it. He would certainly want, he would certainly benefit from the protection that's identified in Keeble as a procedural protection. And I will... Well, let me just ask you one other thing. You say in your brief that the government could not have charged Mr. Hobson with misdemeanor simple assault, correct? Correct. Because that's not listed in the Major Crimes Act. But the government didn't charge him with simple assault, right? The government did not. Okay. Why isn't it different to be indicted for simple assault, on the one hand, as opposed to being convicted of simple assault as a lesser included offense of felony assault? Well, going back to the text of the Major Crimes Act, that was not Congress's intent. Well, how do we know that? Why wasn't it Congress's intent that the enumerated crimes would include those lesser included offenses that have the same elements as the enumerated crimes? If that was their intent, then it's difficult to understand why they listed felony assault under Section 113. Well, because as you point out, the government couldn't have charged simple assault. And they didn't. They didn't charge simple assault. They charged assault resulting in serious bodily injury. But why doesn't that charge encompass simple assault? What you're proposing is that the congressional plan was, for some reason, to allow only charges for felony assault with the understanding that then people could be convicted of something other than felony assault, misdemeanor assault, which is an invitation for prosecutors to expand what they can charge by just overcharging. In this case. But they aren't supposed to do that. I mean, that would run counter to their responsibility. They can't charge assault resulting in serious bodily injury if they don't have the proof. And you're suggesting, well, they're going to go ahead and do it anyway. But they're not supposed to do that. Are we just supposed to assume that they will? Well, they do. In this case, that's what happened. Well, the co-defendant in this case pled guilty to an information and was found guilty of misdemeanor assault. There's a case I learned about this week, Caleb English, case 23-13-28, pending in this court. In that case, they charge the defendant with felony assault, turn around, work out a plea deal to misdemeanor assault. The district court won't take the plea because you can't charge him with misdemeanor assault. And now that's pending in your court. Is that different? Is the plea bargaining context different? I don't think there's jurisdiction. So it's not different. I had one more question for you on the circuit courts that have taken up the issue that's now before us, have found not in your in your favor on the issue and have concluded or understood Keeble that jurisdiction over a lesser is implicit in the statutes. That's the language that I believe the the Eighth Circuit and Felicia used, and it's the same sort of theory that is the working theory in those other circuits. What's wrong with that understanding of Keeble? What's wrong with that understanding of Keeble is it doesn't look at what Keeble actually held, which was we're not expanding federal jurisdiction here. We're not invading tribal jurisdiction here. And you can't reach that outcome without expanding federal jurisdiction and infringing on sovereignty. Felicia, in particular, has very, in my opinion, tortured readings of the Major Crimes Act. If you look at it, they have a couple of points that are essentially tortured readings of the Major Crimes Act that try to get out of the limitations that are in the act. And then ultimately they just say, well, it'd be a futility. And that ignores the holding of Keeble II and the reasoning of Keeble. The subsequent cases all really kind of go back to Felicia. The latter two cases, Bowman and Walking Eagle, have vigorous dissents that essentially adopt what I'm saying. The Bowman opinion is interesting in that it's almost an apology for the outcome. Would we be creating a circuit split if we affirm here? Yes. But I think that you have to look under the hood of this circuit split and see what's going on. Because you've got Felicia. It stands on its own two legs. Then you've got John, which really was decided because they realized, well, wait a minute, this is an 1152 case anyway, so this isn't really a problem. We're not invading federal or tribal jurisdiction here. And then you've got the latter two cases that basically say, well, it seems like this is what everybody's doing and it doesn't really make sense to us. And then you've got dissents that are saying this doesn't make sense. This is not right. I know you're over time, but I just need to ask you one other question. I believe Judge Rossman raised one of our cases, one of John's cases earlier. Given some of the language in our cases post-Keeble about this issue, 3242, is this really an argument that you need to be making to the en banc court? Are we constrained by our previous decisions here? I don't think you are. I don't think that this issue has not been decided. It was not decided in Keeble explicitly. Subsequently, the court acknowledges we haven't decided this issue. I don't think that this court has decided this issue. I think the court will have to decide the issue in this case and in the English case that's pending. So that one, in some respects, is a related appeal that I just learned about. The issues are so intertwined, but there is no circuit precedent, and the government has not argued that it would be necessary to overturn 10th Circuit precedent. Thank you, counsel. I understand your answer. Thank you. Good morning. May it please the court, Stephen Scaife on behalf of the United States. The district court below had jurisdiction to convict and sentence appellant for the lesser included offense of simple assault pursuant to 18 U.S.C. section 3242. And that conclusion is supported by the absolute authority Congress has to establish the jurisdiction of federal courts by the language of section 3242 itself. Is that a jurisdictional statute? It is, Your Honor, and this court in Nagin-Sotney-Samuels, a 1991 decision, stated that section 3242, quote, governs the jurisdiction and venue of the Major Crimes Act. It's also found within Chapter 2. Is there any discussion about what we meant by that? I mean, because it seems that understanding 3242 as a first principle jurisdictional statute is wrong. It is a procedural provision, and all throughout your brief, you rely on it as a jurisdictional statute. It is a jurisdictional statute that comes into play at trial. So the initial basis for the prosecution remains section 1153 must be an enumerated major crime. But once that prosecution is brought, section 3242 is then implicated in order to provide the defendant, the Indian defendant, the lesser included instruction. And so that is where the jurisdictional analysis comes into play under section 3242. And other circuits, including the Ninth Circuit and the Eighth Circuit, have also concluded that section 3242 does confer jurisdiction on the district court. I'm still a little puzzled. I mean, this word jurisdiction gets thrown around a lot in this area and a lot of other areas, too. But is it subject matter jurisdiction that we're talking about here? Or is it really more a matter of a statute that defines the reach, the ultimate reach of the statute that fits under subject matter jurisdiction? I'm just, I'm looking for some, it seems to me that your use of jurisdiction to describe 3242, it just doesn't look like a subject matter jurisdiction statute. So I take it you aren't using jurisdiction in that sense. It is a jurisdictional statute, and I think it's subject matter jurisdiction in this context as it relates to the particular offense at issue in this appeal, the simple misdemeanor assault. In that sense, it does create jurisdiction over that offense as it relates to an Indian defendant. And so that would be the basis for it being a subject matter jurisdiction statute. It establishes jurisdiction over a particular offense here. What about 1153A? Let's forget about 3242 for a second. Is it your position that when a district court has jurisdiction over a particular offense, that it always has jurisdiction over a lesser included offense? Is the government's position that that is the case under 3242? No, no, I'm just looking at 1153A for now. It lists assault resulting in serious bodily injury. Does that encompass simple assault? Not under section 1153, because I think under that reading of section 1153, that would then allow the government to indict on the lesser included offense on simple assault. Because if section 1153 is the basis for jurisdiction, that is the jurisdictional statute authorizing the government to bring an indictment and a prosecution in the first instance. Why couldn't there be a distinction between what 1153 authorizes to charge? In other words, it doesn't say you can charge simple assault, but you can charge assault resulting in serious bodily injury. But why doesn't that, and that's a legitimate charge obviously, it's on the face of the statute. But why doesn't that carry with it the possibility of a conviction for simple assault? I mean, as a practical matter, whether the government or the defense wants to ask for a lesser included, it's usually a tactical decision in the moment. Sometimes it can benefit both sides, or maybe only benefit the defendant, depending on how the evidence has come in. But at that point, it's encompassed within the lead charge, isn't it? That is correct, and that's why an indictment under 1153 for felony assault gives the defendant notice of misdemeanor assault. And that's why it can be implicated at trial, and that's why the defendant could ultimately be convicted at trial of simple assault. Because he does have notice that within the charged felony assault on the face of the indictment, that also includes with it the simple or the lesser included. Okay, I didn't hear you saying that earlier, but do you need 3242 to get there? I think relying on 3242 is prudent here because it is an explicit congressional statute that authorizes jurisdiction. There's no need to find jurisdiction by implication or by reading between the lines of a separate statute. Section 3242 establishes that Indian defendants shall be tried in the same courts and in the same manner as all other persons. That is very similar language to the jurisdictional statement in section 1153, which is that Indian defendants shall be subject to the same law and penalties as are all other persons. Neither statute gives an explicit, the district court shall have jurisdiction over these offenses. What authority do you rely on for that? I mean, you just struck by your statement that relying on 3242 obviates the need to infer jurisdiction by implication like other circuit courts perhaps have done. But what authority establishes 3242 as a statute of subject matter jurisdiction? Well, in addition to this court's Nagin-Sot decision from 1991 that it is a jurisdictional statute, a common sense application of section 3242 requires that jurisdiction be found. If an Indian defendant is to be tried in the same manner as a non-Indian defendant, then that's not being followed if an Indian defendant cannot be convicted of the lesser offense, but a non-Indian defendant could be. They're no longer being tried in the same manner in that instance. And so 3242 requires that both defendants, Indian and non-Indian, receive the lesser included instruction. And by the same reasoning, the statute requires that both defendants be able to be convicted of that lesser offense. Well, what's wrong with drawing the line and giving the instruction? In other words, if Mr. Hobson and the co-defendant want the instruction to be given and Keeble says you've got to give instruction, the court gives the instruction, everything is 3242 has been complied with, correct? On the procedural side of as far as giving the instruction in the first instance. Yeah, and it has the authority to instruct, but the next question is does it have the authority to convict? Correct. And as long as these procedural protections are followed, why not draw the line there and say you can have the instruction, but, you know, the court can't be convicted in federal court. That would have to be a tribal court issue. That would directly violate Spaziano. Spaziano says where a defendant is otherwise entitled to a lesser included instruction, he cannot receive that instruction if as a matter of law he cannot be convicted of that lesser offense, and that's because the jury cannot be deceived or tricked. And Spaziano is very similar to this case and Keeble. Spaziano was addressing a defendant that was entitled to a lesser included or was otherwise entitled to a lesser included instruction following Beck. This case involves an Indian defendant who was otherwise entitled to a lesser included instruction pursuant to Keeble. But applying Spaziano, we cannot trick the jury, which would be the outcome of appellant's position. Under appellant's position, the jury would be instructed on the lesser offense, and that would be deceiving the jury. And so you cannot simply draw the line at, okay, we gave the instruction, that's enough. There also has to be a finding that there is jurisdiction in the first instance which allows the instruction to be given. That is what Spaziano says. And limiting the applicability of Spaziano to capital cases that arise out of state courts, I think, gives a far too narrow application of the Supreme Court precedent. The Supreme Court was establishing principles that could be applied to other cases, to other contexts, and that principle of you cannot deceive the jury applies on all fours in this instance here. Counsel, can you help me understand how you would be deceiving the jury? I mean, you're telling them to answer a question. But do you think that it's deceiving the jury if they don't get to convict, I guess is what you're saying. How is that deceiving them? Because you're telling the jury that they can convict on the charged felony offense, they can convict on the lesser included simple assault, or they can completely acquit the defendant. And we heard appellant this morning stand up and say that if the jury convicts the appellant for simple assault, the outcome of that is that the judge would have to then acquit him. And so if the jury is finding him guilty of simple assault and the outcome of that is an acquittal, well, that is on its face deceiving the jury as to what they could ultimately find the defendant guilty of. The only actual options the jury has in that situation is convicting on the felony assault or a complete acquittal, even though they're told that one of those options would be actually finding him guilty on simple assault. I think just a few additional points. The procedural basis for providing the lesser included instruction is Rule 31C of the Federal Rules of Criminal Procedure. That text states that, or it describes what a defendant may be found guilty of. Again, appellant is trying to flip that principle on its head to get the lesser included offense in order to be acquitted of it. And I think a policy issue that is relevant here is that under appellant's reading of the jurisdictional statutes here, we won't know whether jurisdiction exists until after a verdict is reached. And that's the most basic threshold question of does jurisdiction exist. And under appellant's reading, it's not until the court and the parties and the victims go through the entire trial will that basic threshold question be answered. And that simply cannot be what Congress intended in establishing these jurisdictional parameters. I'm not sure. I just followed. Can you maybe restate that? Sure. So no one disputes that jurisdiction is established under 1153 for the felony assault that's charged on the indictment. But if the lesser included offense is given at trial, that then puts jurisdiction at issue according to appellant. Because if he's found guilty of simple assault but acquitted of felony assault, then appellant says there's no jurisdiction. And so that clarity as to whether jurisdiction exists will rise or fall with the verdict, will rise or fall with whether the jury says you are guilty of felony assault or you are guilty of just the simple misdemeanor assault. And so that clarity does not come until the jury reaches a verdict after the trial is completed. Could you speak to your opposing counsel's argument about McGirt and how we should be thinking about McGirt in resolving this appeal? McGirt says there must be a clear congressional statement, and that's what Section 3242 is. And that's why the government is pointing to a specific statute where this court does not have to imply jurisdiction from another statute or by an implicit reading of Keeble. There is a clear congressional statement in Section 3242 that uses very similar language to establish jurisdiction, as does Section 1153 of the Major Crimes Act. It's the language Congress chose to use to confer jurisdiction in these contexts. This clear statement principle, that isn't only a McGirt. The Supreme Court said that many times. Correct. It's not a McGirt limited issue. Okay. What about this issue of whether Mr. Hobson requested, well, he didn't explicitly request a lesser-included offense, it was co-defendant. How does that affect the way we should be looking at this? I don't think it does affect it here. Jurisdiction, as both parties agree here, is not something that can be waived or opted in. So jurisdiction existed under Section 3242 as soon as the lesser-included offense was implicated. And so an appellant did not need to opt in to jurisdiction because jurisdiction exists regardless of what the parties agree on at trial. But wasn't Keeble based on an opt-in? That is, if the defendant asks for it. That's correct. The defendant is entitled to it if he requests it and if the evidence supports giving that instruction. In this case, appellant could have objected to the lesser-included offense and that jury instruction, in which case the district court would have given the instruction and the verdict slip with the lesser-included only to the co-defendant that requested it, but was not obligated to give it to appellant in this situation. But if Keeble is about protecting procedural rights, then does it only apply if the defendant requests the instruction? It would not come up if the defendant does not request it. So if the defendant never requests the lesser-included instruction, then this jurisdictional issue and whether jurisdiction exists over the lesser-included offense would simply be irrelevant. What if the government requests it? The government could request it if it could also request it for the non-Indian defendant, and that would be applying the plain language of Section 3242 of treating the Indian defendant the same as the non-Indian defendant. It would be trying both parties in the same manner. If there are no further questions, thank you. Thank you, counsel. Very interesting case. We appreciate both your arguments this morning. Very helpful. The case will be submitted. Counsel are now excused.